IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMIEL EDWARDS,**

   **Petitioner,**

v.             **CRIMINAL ACTION NO. 2:07cr72**

**UNITED STATES OF AMERICA,**

   **Respondent.**

*MEMORANDUM OPINION AND ORDER*

  Before the Court is Jamiel Edwards' ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). ECF Nos. 71-72. Having thoroughly reviewed the motions, filings, and records in this case, the Court finds that this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

  On April 20, 2007, a Grand Jury, in the Eastern District of Virginia, returned a three count Indictment against Petitioner. ECF No. 1. Count One charged Petitioner with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Count Two charged Petitioner with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1); and Count Three charged Petitioner with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). *Id.*

  Petitioner pled guilty to Count One of the Indictment on September 25, 2007. ECF No. 16. On March 11, 2008, Petitioner was sentenced to 240 months on Count One, and 10 years of

supervised release. ECF No. 25.

On August 1, 2016, the probation officer filed a petition stating that Petitioner violated the terms of his supervised release. ECF No. 48. The Court held a Supervised Release Violation Hearing ("Supervised Release Hearing") on February 13, 2017. ECF No. 67. The Court found Petitioner violated the terms of his supervised release and revoked the same. *Id.* The Court sentenced Petitioner to 48 months imprisonment, and imposed a term of supervised release for 6 years. ECF No. 68.

Petitioner filed this instant Motion on July 27, 2017. ECF Nos. 71-72. The Court ordered the United States Attorney to respond to Petitioner's § 2255 Petition. ECF No. 73. Respondent filed a response to Petitioner's Motion on September 13, 2017. ECF No. 74. Petitioner filed a reply to Respondent's response on October 13, 2017. ECF No. 75. On February 26, 2018, the Court held a hearing on this matter. ECF No. 81.

## II. STANDARD OF REVIEW AND BURDEN OF PROOF

### A. Section 2255 Generally

A petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (1948). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977); *Carvell v. United States*, 173 F.2d 348, 348-49 (4th Cir. 1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

**B. Section 2255 Hearing Requirement**

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

**C. Ineffective Assistance of Counsel**

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (citing *Smith v. Smith*, 931 F.2d 242, 244 (4th Cir. 1991)); *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Hoyle*, 33 F.3d at 418.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland*, 466 U.S. at 688-89. In applying and defining this standard, substantial deference must be accorded to counsel's judgment. *Id.* at 689. If petitioner makes an insufficient showing on one prong, there is no reason for a court deciding an ineffective assistance claim to address

both components of the inquiry. *Id.* at 697. The Court is not required to begin with an analysis of the first prong of *Strickland* because "a court need not approach the inquiry in the same order," and "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

To demonstrate deficient representation, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689. Also, petitioner bears the burden of proving prejudice. *Fields v. Attorney General of the State of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992). To demonstrate prejudice, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

### III. DISCUSSION

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because (1) Counsel failed to consult with witnesses that would have been favorable to Petitioner's defense; (2) Counsel failed to ask for a continuance on the last Supervised Release Hearing on February 13, 2017, in order to wait for the outcome of the pending state charges which may have benefited Petitioner; and (3) Counsel failed to appeal on Petitioner's behalf.

### A. Ineffective Assistance of Counsel during the Supervised Release Hearing for Counsel's Failure to Consult with Favorable Defense Witnesses

Petitioner claims ineffective assistance of counsel because of Counsel's failure to consult with and subpoena a favorable defense witness to Petitioner's Supervised Release Hearing.

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of

5

reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *Hoyle*, 33 F.3d at 418 (citing *Smith*, 931 F.2d at 244). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Id.*

Petitioner argues that Counsel was ineffective for her failure to consult with and subpoena his niece to testify during the Supervised Release Hearing. Petitioner contends that his niece's testimony would have explained to the Court that he was pulled over while driving his fiancée's car and he had no knowledge that his niece's belongings were in the trunk of the car. ECF No. 72 at 5. Specifically, if his niece were subpoenaed to testify at the Supervised Release Hearing, the Court would know that he was unaware of the contraband in the car mixed within his niece's belongings. *Id.* at 5-6. Petitioner also contends that he never made statements to police that he sold drugs, Evidentiary Hr'g at 28, and his niece's testimony would not have conflicted with any confession the police alleged Petitioner made during his arrest.

Respondent argues that Counsel was effective during the Supervised Release Hearing. During the Evidentiary Hearing, Respondent questioned why Counsel did not subpoena Petitioner's niece to testify at the Supervised Release Hearing. Evidentiary Hr'g at 6. Counsel states that she did not subpoena Petitioner's niece to testify because (1) Counsel did not have the contact information for the niece, and (2) "in light of Mr. Edwards' full confession to Virginia Beach law enforcement and . . . two pending felony matters pending . . . , strategically and ethically I did not think it was appropriate to put her on at the Supervised Release Violation hearing because it would jeopardize Mr. Edwards' cases . . . ." *Id.* Counsel further testified that Petitioner admitted to police that he knew about the contraband in the car, admitted to selling drugs, and distributed drugs in various places in Virginia Beach. *Id.* at 7.

6

The Court finds that Petitioner cannot satisfy the first prong of the *Strickland* standard because Petitioner did not show that Counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The Court concludes that Counsel's representation during the Supervised Release Hearing on February 13, 2017, was not deficient. ECF No. 69. During the Evidentiary Hearing, Petitioner argued that Counsel could have reasonably found Petitioner's niece's contact information by getting the information from Petitioner's significant other. Evidentiary Hr'g at 34. However, the record from the Evidentiary Hearing also shows that Counsel's representation did not fall below an objective standard of reasonableness because Petitioner's confession to police that he was distributing cocaine supports the Court's finding that, by a preponderance of the evidence, Petitioner violated his supervised release and his niece's testimony or letter about the contraband are both irrelevant. *Id.* at 24.

Thus, Petitioner does not have a claim for ineffective assistance of counsel based on Counsel's failure to consult with or subpoena Petitioner's niece to testify on his behalf at the Supervised Release Hearing.

### B. Ineffective Assistance of Counsel during the Supervised Release Hearing for Counsel's Failure to Ask the Court for Another Continuance on the Supervised Release Hearing

Petitioner claims ineffective assistance of counsel because Petitioner alleges that Counsel failed to ask the Court for another continuance on the Supervised Release Hearing.

As previously mentioned, a petitioner must satisfy two factors to establish ineffective assistance of counsel: (1) counsel's performance fell below an objective standard of reasonableness, and (2) that petitioner was prejudiced by counsel's deficiency. *Hoyle*, 33 F.3d at 418.

Petitioner argues that Counsel was ineffective because Counsel did not ask the Court for another continuance of the Supervised Release Hearing so that he could wait for the resolution of

7

his pending matters in state court. Petitioner contends that the outcome of his Supervised Release Hearing may have been different if the Court granted another continuance because his matters in state court were eventually dismissed.

Respondent argues that Counsel was effective because Petitioner did not suffer any prejudice for Counsel's failure to ask the Court for another continuance on the Supervised Release Hearing. Respondent notes that Petitioner was present when the Court made it clear that the Court would not grant another continuance on this Hearing. Evidentiary Hr'g at 10. The Court continued the matter twice and Counsel knew that requesting another continuance to have state charges resolved would be denied by the Court. *Id.* at 8. Counsel also states that Petitioner did not request that Counsel even ask for a continuance on the day of the Supervised Release Hearing. *Id.* at 8-9.

The Court finds that Petitioner failed to establish ineffective assistance of counsel based on Counsel's failure to ask for another continuance on the Supervised Release Hearing. The Court also concludes from the record that the Court made it clear that no more continuances would be granted. Evidentiary Hr'g at 8-9. The Court instructed the parties to bring all witnesses to the hearing so that the Court could proceed on the allegations contained in the petition for supervised release violations. *Id.* at 9. The Court did not have to continue the Hearing again just to wait for the resolution of the pending state court matters, and Petitioner did not suffer any prejudice from the Government using witnesses to support the allegations that Petitioner violated the conditions of his supervised release.

Thus, Petitioner does not have a claim of ineffective assistance of counsel based on Counsel's failure to ask the Court for another continuance on the Supervised Release Hearing.

## C. Ineffective Assistance of Counsel Based on Counsel's Failure to Appeal

Petitioner claims ineffective assistance of counsel because Counsel failed to appeal Petitioner's sentence from his Supervised Release Hearing.

When an attorney fails to appeal on a client's behalf, when requested by his client to do so, the attorney's failure to appeal is per se ineffective assistance of counsel. *See, e.g., Evitts v. Lucey*, 469 U.S. 387 (1985); *Frazer v. South Carolina*, 430 F.3d 696 (4th Cir. 2005); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993).

Petitioner argues that Counsel was ineffective because Counsel failed to appeal his supervised release violation sentence. Petitioner states that he wanted Counsel to appeal his sentence but he knew that "she really didn't want to appeal, but I didn't think she wasn't going to submit the appeal." Evidentiary Hr'g at 28. Petitioner also contends that based on his discussion with Counsel about whether or not to appeal Petitioner's sentence, Petitioner left the discussion "thinking that she was going to appeal the violation." *Id.* Petitioner reiterated during the Evidentiary Hearing that he never told Counsel not to appeal and Counsel never explicitly stated that she would not actually file his appeal. *Id.* at 26-27.

In opposition to Petitioner's argument, Respondent argues that Counsel was effective because Petitioner did not explicitly instruct Counsel to file an appeal. Evidentiary Hr'g at 31. Respondent contends that Petitioner does not provide any support that Counsel failed to file an appeal after Petitioner instructed Counsel to do so. Counsel states that Petitioner did not in fact instruct Counsel to file an appeal. Additionally, Counsel contends that she informed Petitioner, after his supervised release sentencing, of his right to appeal. *Id.* at 11.

The Court finds that Petitioner failed to establish ineffective assistance of counsel based on Counsel's failure to appeal. On February 26, 2018, the Court held a hearing on this matter

based on the issue of whether Petitioner instructed Counsel to appeal and Counsel failed to do so. ECF No. 81. During the Hearing, Petitioner testified, under oath, that he did not explicitly instruct Counsel to appeal. Evidentiary Hr'g Tr. at 31. Counsel also states, under oath, that Petitioner did not make it clear that he wanted Counsel to file an appeal on Petitioner's behalf. *Id.* at 11, 22. The Court observed the demeanor of both Petitioner and Counsel on the witness stand, and weighed their credibility based on the testimony pertaining to this issue. From these observations, the Court concludes that Petitioner did not tell Counsel to appeal his sentence.

Thus, Petitioner does not have a claim of ineffective assistance of counsel based on Counsel's failure to appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, records, and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 30, 2018

/s/
Raymond A. Jackson
United States District Judge